JONATHAN BATES, *ex dem.*

EDMUND SHATTUCK,

*vs.*

BENJAMIN TUCKER.

Shattuck
vs.
Tucker

Ejectment for land in Randolph.

The demise was laid the 6th Sept., 1786, to hold for the term of sixty years, from the 5th Sept., 1786. Ouster the 23th of May, 1787. This writ was dated the 25th of June, 1788.

On trial, the plaintiff proved a clear title in his lessor, on the 6th of September, the date of the lease.

On the part of the defendant, it was proved by a

Plaintiff's counsel.

Shattuck
vs.
Tucker.

copy from record, that, on the same day, the lessor sold the land in question to the said Jonathan Bates.

Defendant's counsel.

It was insisted by the defendant's counsel: 1. That the lessor having conveyed on the same day, on which the lease is supposed to be made ; and, as the lease is a mere fiction, devised at the time of beginning the action, which, in this case, was long after the supposed date, or time of making the lease, the plaintiff has failed ; for though the lease be a fiction, yet there must be a real subsisting title in the lessor of the plaintiff, at the (supposed) time of making the lease, and also at the time of bringing the action.

2. In this case, had there been an actual lease made on the 6th day of September, 1786, yet the lessor having conveyed to the lessee, on the same day, in fee, the lease was merged and gone ; so that the plaintiff has not supported his title, in the way he has set it up.

The counsel for the plaintiff insisted that, as an ejectment is in form a fiction, designed to try the lessor's title ; or rather, to put the real owner into possession ; it is sufficient, if it can by any intendment, be made to answer this purpose. As the lease is laid to be made on the same day with the deed of conveyance, it is sufficient to intend, that the lease was prior, on the same day ; and such intendment ought to be made in support of the plaintiff's right. As to the merger, that gives the plaintiff a real, instead of a fictitious title. No injustice will, therefore, be done, should he recover. He will be put into possession of his own.

Opinion of the Court.

But the Court held that the lease, though a fiction,

In ejectment the lease, tho' a fiction, must, by possibility, be a subsisting lease.

must, by possibility be a subsisting lease, at the time of bringing the action ; at the time of the supposed ouster, and at the supposed time of making the lease ; the whole is under the control of the lessor, who is the real plaintiff. He is conusant of his own title—to that, he

must, at his peril, conform his declaration. He must set forth a lease, which might, by possibility, be a good subsisting lease, at the time of the supposed date, or making of the lease; at the time of the ouster, and at the time of bringing the action. Here there is a merger—the lease is united to and merged in the fee. There could not be a subsisting lease, either at the time of the supposed ouster, or at the time of bringing the action. If the principle contended for by the plaintiff's counsel should prevail, by carrying back the fiction, in point of time, recoveries might frequently be had, on titles long since extinguished or transferred. In this action the plaintiff is, and must be considered, as merely nominal, and all the right and benefit, as belonging to the lessor. If the lessor had no title to enable him to make the lessee, or, if he have departed with his title, though to the lessee himself, the action cannot be supported.

The Jury found verdict for the defendant.

*Shattuck vs. Tucker.*

The lessor is the real plaintiff.

He must set forth a lease which might be good, etc.

Plaintiff is nominal; all the right and benefit belongs to the lessor.